USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/26/10_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRIMARY SUCCESSION CAPITAL, LLC ,

                Plaintiff,

            *v.*

SCHAEFFLER, KG and BARDEN
MANUFACTURING CORP.,

                Defendants.

09 Civ. 735 (SCR)

OPINION AND ORDER

**LORETTA A. PRESKA, Chief United States District Judge:**

Plaintiff, Primary Succession Capital, LLC ("PSC"), brought suit against the named Defendants asserting claims of breach of contract and fraudulent misrepresentation. Defendant Schaeffler, KG is a German limited partnership located in Herzogenaurach, Germany and Defendant Barden Manufacturing Corporation ("Barden") is a subsidiary of Schaeffler, KG located in Danbury, Connecticut. Barden was dismissed as a defendant from this action. [Dkt. No. 33]. Currently before the Court is Schaeffler, KG's motion to quash service of process [Dkt. No. 24]. The motion is denied for the following reasons.

## I.    Legal Standard

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a defendant to challenge the sufficiency of service of process. "Once challenged, the burden of establishing that service was proper lies with the plaintiff." *Kwan v. Schlein*, 441 F. Supp. 2d 491, 496 (S.D.N.Y. 2006). Plaintiff's burden requires that he make a prima facie case of proper service "through specific factual allegations and any supporting

1

materials." *Kwon v. Yun*, No. 05 Civ. 1142 (GEL), 2006 WL 416375, at *2 (S.D.N.Y.

Feb. 21, 2006). Conclusory statements are insufficient to overcome a defendant's sworn

affidavit that service was not properly made. *Darden v. DaimlerChrysler N. Am. Holding

Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). When considering a motion to dismiss

pursuant to 12(b)(5) for insufficiency of process, a court must look to matters outside the

complaint to determine whether service was proper. *Id.* If service of process was not

sufficient, the court has discretion to dismiss the action, but dismissal is not mandatory.

*Id.*; *see also* Fed. R. Civ. P. 12(b)(5).

## II.     Facts

The following factual allegations are drawn largely from the declaration of

Plaintiff's attorney, Thomas J. Romans, filed in response to Defendant's instant motion.

*Kwon*, 2006 WL 416375, at *2.

Schaeffler, KG, a limited partnership formed under German law and

headquartered in Herzogenaurach, Germany, is a major multi-national presence that

employs more than 50,000 staff members worldwide. While the United States operations

of Schaeffler, KG are substantially consolidated in Schaeffler Group USA, Inc., Plaintiff

alleges that the transaction central to this lawsuit demonstrates that the German parent

exercises complete control over its American subsidiary. The partnership interests in

Schaeffler, KG are held by Georg F.W. Schaeffler, the son of the co-founder of

Schaeffler, KG, and his mother Maria-Elisabeth Schaeffler. Georg's half interest in

Schaeffler, KG is owned and/or controlled by Schaeffler Holding, LP. That holding

company is a limited partnership formed under Texas law that exists solely as a vehicle to

facilitate Georg's ownership interest in Schaeffler, KG and the entire Schaeffler Group.

Georg Schaeffler, a Texas attorney, maintains an office at the same address in Dallas as Schaeffler Holding, LP and is believed to be the sole owner of that partnership.  In short, Plaintiff alleges that there is a common identity between Georg Schaeffler and Schaeffler Holding, LP.

On January 31, 2009, Plaintiff's complaint was mailed, together with a notice of the lawsuit and request for waiver of service of summons, to defendants Schaeffler, KG and Barden.  Additionally, copies of each document were mailed to Robert E. Wicks, III (corporation counsel for Schaeffler Group USA, Inc.) and to Allen & Overy (local counsel to the Schaeffler Group).  A waiver of service was executed on behalf of Barden. Subsequently, on February 24, 2009, counsel from Allen & Overy advised Plaintiff that Schaeffler, KG would not agree to waive service of process and requested that service be effected under the provisions of the Hague Convention.

On May 12, 2009, a South Carolina process server retained by Plaintiff visited the Fort Mill, South Carolina, headquarters of Schaeffler Group USA, Inc. with instructions to ask for Robert E. Wick, III.  Upon reaching the premises, Plaintiff's process server was refused entry by a guard.  Refused access to the grounds, the process server left a summons and complaint directed to Schaeffler, KG with the gate guard.  Two weeks later, Plaintiff's attorney wrote to Wick informing him that Plaintiff would be serving Schaeffler, KG by serving Schaeffler Group USA, Inc. and that service was also being made upon Schaeffler Holding, LP.

On June 18, 2009 a licensed process server hired by Plaintiff visited the offices common to Georg Schaeffler and Schaeffler Holding in Dallas, Texas.  A copy of the complaint and a summons directed to both Georg Schaeffler and Schaeffler Holding were

left with a receptionist at this location. The same day, a summons directed to Schaeffler, KG and a copy of the complaint were served upon John A. McCloskey, "a Managing Director of Schaeffler's General Partner," by leaving the documents at McCloskey's office at Schaeffler Group USA, Inc. On June 25, 2009, a licensed process server hired by Plaintiff served a summons directed to Schaeffler, KG and the complaint upon CT Systems, Schaeffler Holding's registered agent for purposes of service of process.

### III.    Discussion

Federal Rule of Civil Procedure 4(h) governs service upon corporations either within or outside a judicial district of the United States. Defendant argues that, because Plaintiff is attempting to serve a foreign entity, Plaintiff should adhere to Rule 4(h)(2). That rule authorizes service of process on a foreign corporation outside of the judicial districts of the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f)(1), in turn, provides for service not within any judicial district of the United States by any internationally agreed-upon means, including the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). Fed. R. Civ. P. 4(f)(1).

Defendant argues that because Plaintiff has made no attempt to request service of process through Germany's Central Authority—as required by the Hague Convention— service should be quashed. Plaintiff, however, contends that service under the Hague Convention is not the exclusive means to proper service of a foreign entity such as Schaeffler, KG. Rule 4(e)(1) permits an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ.

4

P. 4(e)(1).  When New York law is applied, Plaintiff argues that each of its various attempts to serve Schaeffler Group USA, Inc., Schaeffler Holding, LP, and Georg Schaeffler himself should, either individually or collectively, constitute valid service on Schaeffler, KG.  Plaintiff relies on N.Y. C.P.L.R. § 310-a (McKinney 2009) which provides that "[p]ersonal service upon any domestic or foreign limited partnership shall be made by delivering a copy personally to any managing or general partner of the limited partnership in this state . . . ."

First, Plaintiff argues that service upon Schaeffler, KG is satisfied by its attempts at service on Georg Schaeffler and Schaeffler Holding, LP.  Plaintiff cites to no law, however, establishing that service upon an entity or an individual that holds an ownership interest in another organization is sufficient to constitute proper service on that would-be Defendant.  Instead, as argued by Defendant, in this context "the law respects separate corporate identities even where one corporation may wholly own another, or where they may share the same principals." *In Re Crespo*, 475 N.Y.S.2d 319, 323 (N.Y. Sup. Ct. 1984).  Accordingly, mere service on Georg Schaeffler and/or Schaeffler Holding, LP does not constitute valid service upon Schaeffler, KG.

Plaintiff next argues that its attempts at service upon Schaeffler Group USA, Inc. constitute valid service upon Schaeffler, KG because the former acts as the managing or general agent of the latter.  Schaeffler, KG argues that this argument fails because "Plaintiff has not demonstrated that Schaeffler USA is so completely controlled by Schaeffler, KG that [it] should be considered a mere department or agent of Schaeffler, KG." (Def.'s Reply Mem. of Law at 2).  Plaintiff, however, contends that the test to determine whether one entity can be said to act as the managing or general partner of

another "is whether the corporation served is so related to the defendant that it may be justly inferred that the defendant will have notice of the action." (Pl.'s Mem. of Law at 4 (quoting *George H. Birchall & Assocs, Inc. v. J. Agar Instrumentation, Ltd*, No. 77 Civ. 815, 1977 U.S. Dist. LEXIS 13289, at *15 (S.D.N.Y. Oct. 26, 1977))).

Plaintiff asserts three bases for its belief that Schaeffler Group USA, Inc. satisfies this test: (1) both Schaeffler Group USA, Inc. and Schaeffler, KG "are under [the] common ownership of Georg and Maria-Elisabeth Schaeffler, who ultimately appoint the key executives who operate both the USA subsidiary and its ultimate parent entity in Germany"; (2) "all financial results of the USA subsidiary are consolidated with Schaeffler Group and the USA subsidiary is financially dependent upon the Schaeffler Group in Germany"; and (3) the transaction at issue in this case "demonstrates that the German parent exercises complete control over the USA subsidiary, as all decisions and negotiations originated exclusively from the German parent organization." (Decl. of Thomas Romans ¶ 12).

Both the suggested standards, however, narrowly miss the mark.  To prove the existence of an agency relationship, a party must show more than mere ownership. *Darden*, 191 F. Supp. 2d at 387.  Instead, Plaintiff must make a prima facie showing that "the subsidiary does all the business which [the parent corporation] could do were it here by its own officials." *Id.* (citing *Int'l. Cultural Prop. Soc. v. Walter De Gruyter & Co.*, No. 99 Civ. 12329, 2000 WL 943319, at *1–2 (S.D.N.Y. July 6, 2000)). Alternatively, to show that a domestic company is a mere department of the foreign corporation, a plaintiff should address four factors: (1) common ownership; (2) financial dependency of the subsidiary on the parent corporation; (3) the parent's control over the subsidiary's

6

selection of executives and observance of corporate formalities; and (4) the parent's control over the subsidiaries' marketing and operations. *Darden*, 191 F. Supp. 2d at 388.

Although there is limited publicly available information about the structure of Schaeffler, KG and its various subsidiaries, Plaintiff has satisfied its burden of demonstrating a prima facie agency relationship between Schaeffler, KG and Schaeffler Group USA, Inc. Aside from the facts alleged in Affidavits and the Complaint, Plaintiff has produced public documents that demonstrate a general relationship between Schaeffler, KG and Schaeffler Group USA, Inc. *See id.* at 387-88.

First, both Schaeffler, KG and Schaeffler Group USA, Inc. are under common ownership of Georg and Maria-Elisabeth Schaeffler. (Decl. of Thomas Romans ¶ 12; Decl. of Thomas Romans Exhibit A at 13, 51). Second, Schaeffler Group USA, Inc. is entirely financially dependent on its parent corporation, Schaeffler, KG. (Decl. of Thomas Romans ¶ 12; Decl. of Thomas Romans Exhibit A at 13). Third, Schaeffler, KG exercises total control over the selection and functions of executives in Schaeffler Group USA, Inc. (Decl. of Thomas Romans ¶ 12; Decl. of Thomas Romans Exhibit A at 13). Finally, one of the main allegations in Plaintiff's complaint is that Schaeffler, KG directed decisions made by officers in its American subsidiary. (Compl. ¶¶ 8-30; Decl. of Thomas Romans ¶ 12). Plaintiff's allegations thus establish prima facie evidence of an agency relationship between Schaeffler, KG and Schaeffler Group USA.

Accordingly, Plaintiff's service on Schaeffler Group USA, Inc. is deemed proper service on Schaeffler, KG for the purposes of this action.

## IV.     Conclusion

Based on the foregoing, Schaeffler's motion to quash [dkt. no. 24] is denied.  The parties shall confer and submit a proposed scheduling order in this case within thirty days of the date hereof.

SO ORDERED:

Dated: New York, New York

_____, 2010

Loretta A. Preska
Chief United States District Judge